KAY SCHOTT TREVILLIAN, Plaintiff v. MARK A. TREVILLIAN, Defendant

No. COA03-802

(Filed 4 May 2004)

**Child Support, Custody, and Visitation— support—modification—reduction in income**

The trial court did not abuse its discretion by denying defendant's motion for child support modification in a case in which the child support guidelines did not apply. The court considered defendant's significant reduction in income and its impact upon his ability to support his children and himself.

Appeal by defendant from order entered 20 February 2003 by Judge Victoria Roemer, District Court, Forsyth County. Heard in the Court of Appeals 30 March 2004.

*Metcalf & Beal, L.L.P., by Christopher L. Beal, for plaintiff.*

*C.R. "Skip" Long, Jr., for defendant.*

WYNN, Judge.

Defendant Mark A. Trevillian contends the trial court erroneously denied his motion for a reduction in child support and considered improper criteria for modification of child support. We disagree and affirm the order below.

Plaintiff Kay Schott Trevillian and Defendant are formerly husband and wife with one child born during their marriage. By order dated 25 April 2001, the trial court granted Plaintiff primary custody of their child. Based upon Defendant's income, of approximately $300,000 per year for 1999 and 2000, the trial court ordered Defendant to pay $2,500 per month in child support. Defendant's income increased to $360,000 in 2001, but Plaintiff did not seek an increase in child support. However, following a reduction in Defendant's income in 2002 to $227,400 gross with a net income of $151,400 after taxes, Defendant moved for a reduction in child support. In denying Defendant's motion for a reduction in child support, the trial court found that "even after paying family related expenses and support obligations, the Defendant was left with a net of over $5,000 per month for his own personal expenses." Therefore, the trial court concluded "Defendant's drop in income did not constitute a substantial and material change in circumstances." Defendant appeals.

---

Defendant contends the trial court abused its discretion in denying his motion for a reduction in child support because a 25% involuntary reduction in income constitutes a substantial change in circumstances warranting child support modification.

"The burden of demonstrating changed circumstances rests upon the moving party. Once the threshold issue of substantial change in circumstances has been shown by a preponderance of the evidence, the trial court then proceeds to follow the [North Carolina Child Support] Guidelines and to compute the appropriate amount of child support. The Guidelines apply to modification of child support orders as well as to initial orders. Thus modification of a child support order

involves a two-step process. The court must first determine a substantial change of circumstances has taken place; only then does it proceed to apply the Guidelines to calculate the applicable amount of support." *McGee v. McGee*, 118 N.C. App. 19, 26-27, 453 S.E.2d 531, 535-36 (1995).

In North Carolina,

[t]he Guidelines apply in cases in which the parents' combined adjusted gross income is equal to or less than $15,000 per month ($180,000 per year). For cases with higher combined adjusted gross income, child support should be determined on a case-by-case basis, provided that the amount of support awarded may not be lower than the maximum basic child support obligation shown in the Schedule of Basic Child Support Obligations.

Child Support Guidelines, "Determination of Support in Cases Involving High Combined Income," Annotated Rules of North Carolina (2002). To determine a party's monthly adjusted gross income, "the amount of child support payments actually made by a party under any pre-existing court order(s) or separation agreement(s) should be deducted from the party's gross income." *See* Child Support Guidelines, "Pre-existing Child Support Obligations and Responsibility for Other Children," Annotated Rules of North Carolina (2002).

At the time of the child support modification hearing, Defendant's monthly gross income was $18,950.00. Defendant had a pre-existing support order of $2,500 and paid $1,269.00 in child support for a child from a previous marriage. After deducting Defendant's pre-existing obligation and responsibility for other children from his monthly gross income [$18,950.00-($2500.00 + 1269.00)], his monthly adjusted gross income was $15,181.00. At this amount, the child support guidelines are inapplicable and child support is to be determined by the trial court on a case-by-case basis. *See* Child Support Guidelines, Annotated Rules of North Carolina (2002). Thus, assuming this reduction constituted a substantial change in circumstances, the trial court would have determined child support by assessing the particular facts of this case. *See* Child Support Guidelines, "Determination of Support in Cases Involving High Combined Income," Annotated Rules of North Carolina (2002).

The record indicates the trial court acknowledged Defendant's income had dropped significantly in 2002. The trial court then con-

sidered Defendant's family related expenses and support obligations and determined Defendant was left with a net of over $5,000 per month for his own personal expenses. Thus, the trial court determined a reduction in child support was unwarranted.

"Child support orders entered by a trial court are accorded substantial deference by appellate courts and our review is limited to a determination of whether there was a clear abuse of discretion." *Mason v. Erwin*, 157 N.C. App. 284, 287, 579 S.E.2d 120, 122 (2003). Under N.C. Gen. Stat. § 50-13.4(c), "payments ordered for the support of a minor child shall be in such amount as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case." As it appears the trial court considered Defendant's significant reduction in income and its impact upon his ability to support his children and himself, we conclude the trial court did not abuse its discretion in denying Defendant's motion for child support modification.

Affirmed.

Judges HUNTER and TYSON concur.