JUDITH ANN MEEHAN (LAWRANCE), PLAINTIFF v. BRUCE CHARLES LAWRANCE, DEFENDANT

No. COA03-1318

(Filed 21 September 2004)

## 1. Child Support, Custody, and Visitation— equitable estoppel—oral modification

The trial court did not err in a child custody, civil contempt, and child support case by concluding that plaintiff mother was not equitably estopped from enforcing the provisions of the 1996 order relating to the provision of health insurance premiums for the minor children and the repayment of a $5,000 promissory note even though defendant father contends plaintiff consented to an oral modification during an October 1997 meeting with their attorneys and this agreement was set out in a letter between the attorneys, because: (1) substantial evidence supported the trial court's conclusion that plaintiff never agreed to orally modify that portion of the 1996 order that required defendant to provide health insurance for the children, plaintiff's attorney wrote defendant's attorney a letter stating that defendant would continue to pay for the health insurance for the children, and defendant admitted that he failed to provide insurance after May 1997 and stopped the health insurance four months before any alleged agreement was reached during the October 1997 meeting; and (2) defendant failed to show he detrimentally relied on the perceived agreement with plaintiff, and defendant benefitted by retaining the money he was required to use to purchase insurance for his minor children.

MEEHAN v. LAWRANCE

[166 N.C. App. 369 (2004)]

**2. Contempt— civil—failure to comply with court order**

The trial court did not err in a child custody and child support case by concluding that defendant father was in willful contempt of court for failing to repay a $5,000 promissory note as required by a 1996 court order, because: (1) defendant was aware of his obligation to pay $5,000 plus interest, but admittedly failed to pay based on the fact that he paid higher taxes due to plaintiff mother's failure to jointly file tax returns with him in 1995; (2) presuming that plaintiff and defendant entered an agreement forbearing payment of the promissory note, defendant failed to comply with the oral agreement; (3) defendant failed to make any assignment of error and presented no argument to support his assertion that the trial court's order does not contain sufficient findings to satisfy the remaining statutory enumerated factors set forth under N.C.G.S. § 5A-21(a); and (4) there was substantial evidence supporting the trial court's finding regarding defendant's willfulness and ability to comply with the 1996 order.

**3. Contempt— civil—failure to provide health insurance for minor children**

The trial court did not err in a child custody and child support case by concluding that defendant father was in contempt of court for failing to provide health insurance for his minor children as required by a 1996 court order, because: (1) substantial evidence showed plaintiff mother never agreed to modify this portion of the 1996 order and also showed defendant's knowledge and stubborn resistance to satisfy this portion of the 1996 order; (2) defendant admitted he stopped the health insurance four months before there was any agreement reached during an October 1997 meeting; (3) defendant continually requested plaintiff to provide health insurance for the children, but she objected; and (4) defendant knew of his obligation, yet failed to provide coverage.

**4. Child Support, Custody, and Visitation— support—substantial change of circumstances**

The trial court did not abuse its discretion in a child custody, civil contempt, and child support case by increasing defendant father's child support obligation where defendant alleged that no material and substantial change of circumstances existed, because: (1) a material and substantial change occurred regarding the financial circumstances of the parties since a 1996

order, and these changes in the financial circumstances impacted both parties' ability to support their minor children and justify a modification of the child support obligation; and (2) although plaintiff mother moved for an increase in child support, defendant filed a motion with the trial court alleging a material and substantial change in circumstances and seeking a modification of the 1996 order.

**5. Contempt— civil—failure to pay child support**

The trial court did not err in a child custody, civil contempt, and child support case by failing to find defendant father in contempt for his failure to pay $1,200 in child support as required in the 1996 order even though defendant paid $1,000 per month, because: (1) plaintiff mother's testimony and her attorney's letter demonstrated the parties agreed to modify defendant's child support obligation during an October 1997 meeting; (2) although parties may not modify a child support order through extrajudicial agreements, this evidence supports the trial court's finding that defendant did not act willfully; (3) plaintiff failed to show that defendant possessed any knowledge that he was required to continue payment under the 1996 order as opposed to the agreement reached between the parties; and (4) plaintiff failed to show defendant's stubborn resistance to pay child support.

**6. Child Support, Custody, and Visitation— support—calculation of gross income—overtime pay**

The trial court did not abuse its discretion in a child custody, civil contempt, and child support case by failing to include defendant father's 2002 overtime pay in calculating his gross income, because: (1) defendant testified that his 2002 overtime pay was atypical and a result of a colleague who had died and two other colleagues who were on maternity leave during that time; (2) defendant testified that he did not anticipate receiving any overtime pay in the future; and (3) no evidence was presented to show defendant earned substantial overtime in any year other than 2002.

**7. Child Support, Custody, and Visitation— support—calculation of gross income—credit for travel expenses**

The trial court did not abuse its discretion in a child custody, civil contempt, and child support case by allowing defendant father a $300 per month credit for travel expenses related to visitation with the minor children, because: (1) evidence was

presented to support defendant's testimony that he spent, on average, between $300 and $500 monthly in visitation-related expenses; (2) defendant spent $125 per month for airfare for the children, and the trial court ordered defendant to pay all air fare costs; and (3) defendant often drove between North Carolina and Georgia to visit the children and transported the children upon plaintiff's demand to an airport located two hours away from defendant's home.

**8. Child Support, Custody, and Visitation— support—calculation of health insurance premiums**

The trial court did not abuse its discretion in a child custody, civil contempt, and child support case by calculating the amount defendant father owed for health insurance premiums plaintiff mother paid to be $14,203.70 instead of $18,984.70 as claimed by plaintiff, a difference of $4,781 for insurance premiums plaintiff paid between October 1995 to May 1997, because: (1) defendant testified he provided health insurance for the children until May 1997; and (2) defendant produced evidence to corroborate this testimony and showed the children were covered under his health insurance policy from 1 November 1996 to 31 May 1997.

Appeal by defendant and cross-appeal by plaintiff from order entered 19 March 2003 by Judge Joseph A. Blick in Pitt County District Court. Heard in the Court of Appeals 25 August 2004.

*McCotter, Ashton & Smith, P.A., by Rudolph A. Ashton, III, and Terri W. Sharp, for plaintiff-appellee/cross-appellant.*

*W. Gregory Duke, for defendant-appellant/cross-appellee.*

TYSON, Judge.

Bruce Charles Lawrance ("defendant") appeals from an order entered 19 March 2003 ("2003 Order") following a hearing on the parties' motions and claims regarding custody, contempt, and child support. Judith Ann Meehan ("plaintiff") cross-appeals from the 2003 Order. We affirm.

### I.  Background

The undisputed findings of fact establish plaintiff and defendant were married on 21 June 1986 in Pitt County, North Carolina. Two children were born of the marriage. The parties separated in January 1995 and executed a separation agreement and property settlement

("Separation Agreement") containing provisions relating to the custody and support of the minor children. The parties stipulated to joint custody with plaintiff having primary legal and physical custody. The Separation Agreement was incorporated into the divorce judgment filed 19 January 1996 and became an Order of the trial court ("1996 Order").

Under the 1996 Order, defendant was required to: (1) establish a mutual fund account for each child using proceeds from the sale of stock in Consolidated Medical Systems; (2) pay child support of $600.00 per month, per child; (3) make contributions totaling $600.00 per year into a Legg Mason investment account for each child; (4) maintain health and hospitalization insurance coverage for the minor children; (5) pay one-half of the uninsured medical, pharmaceutical, and dental expenses incurred by the minor children; (6) pay the sum of $5,000.00 as a lump sum property settlement payment. Plaintiff received primary custody of the minor children. Defendant received a specific schedule of visitation, which included alternate weekends, summer, and holidays.

In October 1997, the parties, both represented by counsel, met in an attempt to enter a consent order to modify the terms of the 1996 Order. The parties discussed modifying defendant's payment of child support by reducing it from $1,200.00 per month, $600.00 per child, to $1,000.00 per month, $500.00 per child. Defendant also was to pay an additional $500.00 twice per year. These discussions were never reduced to a written order. Defendant, however, acted as if an agreement had been reached and reduced his child support payments to $1,000.00 per month. He never paid the additional $500.00 twice per year during the years of 1998 to 2002.

In January 1998, plaintiff informed defendant she would be temporarily relocating to Georgia for employment. Plaintiff and the minor children moved near Atlanta, Georgia, in February 1998. Plaintiff's job became permanent, and she remained in Atlanta. Without court-ordered modification of the visitation privileges, the parties initially agreed on a schedule of visits between the minor children and defendant. The minor children traveled by air between North Carolina and Georgia on a fairly consistent basis. On some occasions, defendant traveled to Atlanta to visit the children.

Defendant's gross monthly income was determined to be $10,827.00. His average monthly expenses equaled $7,288.00. Defendant spent an average of $300.00 per month in visiting the minor

children out-of-state or for arranging his children's transportation. He also pays $1,000.00 per month in child support, or $500.00 per month, per child. Plaintiff's monthly gross base wage is $6,380.00 per month. Her employer pays $1,200.00 monthly for her vehicle and $2,700.00 monthly towards her mortgage payment. The trial court included the monthly automobile and mortgage payments and determined plaintiff's monthly income to be $10,280.00. Her fixed expenses totaled $1,183.00 per month, excluding the automobile and mortgage payments. Plaintiff also spends approximately $788.00 per month for a "nanny," who cares for the children after school and prepares meals for the family. The "nanny" receives additional pay for cleaning the home. Plaintiff and the minor children were determined to have individual needs totaling $3,127.75 monthly, which includes a monthly insurance premium of $214.00 for the children.

From July 1999 to August 2001, both parties filed a series of motions. Plaintiff filed: (1) in July 1999, a motion alleging defendant was in contempt for failure to pay monies required under the 1996 Order; (2) on 31 May 2001, a motion alleging defendant was in contempt of prior orders of the trial court; (3) on 30 August 2001, a motion alleging a claim for modification of custody; and (4) on 20 November 2001, a motion seeking modification of child support.

Defendant filed: (1) in February 2001, a motion in the cause alleging a change of circumstances justifying a modification of the 1996 Order; and (2) on 1 May 2001, an amended motion setting forth claims for modification of custody, contempt, and requesting a psychological evaluation.

In September 2001, the trial court granted defendant's motion for a psychological evaluation of the children. The remaining motions were heard on 19 August 2002. On 19 March 2003, the trial court ordered defendant, among other things, to: (1) pay plaintiff $1,322.00 monthly for the support and maintenance of the children; (2) reimburse plaintiff in the amount of $14,203.70 for the amount of health insurance premiums she had paid; and (3) pay plaintiff $5,000.00 plus interest of $4,871.00 for a promissory note as part of the lump sum settlement in the 1996 Order. Both parties appeal.

## II. Issues

The issues arising out of defendant's appeal are whether: (1) plaintiff is equitably estopped from enforcing the provisions of the 1996 Order relating to the provision of health insurance premiums for the minor children and the repayment of the $5,000.00 promissory

note; (2) defendant is in contempt of court for not repaying the $5,000.00 promissory note; (3) defendant is in contempt of court for failing to provide health insurance for the minor children; and (4) the trial court erred by increasing defendant's child support obligation where no material and substantial change of circumstances existed.

Plaintiff's cross-appeal presents the issues of whether the trial court erred in: (1) failing to require defendant to pay past due child support after defendant reduced his payments; (2) calculating an increase in child support by failing to consider defendant's overtime and improperly allowing him credits for travel expenses related to visitation with the minor children; and (3) calculating the amount defendant was obligated to pay plaintiff for health insurance on the minor children.

### III. Standard of Review

The trial court is given broad discretion in child custody and support matters. Its order will be upheld if substantial competent evidence supports the findings of fact. *Shipman v. Shipman*, 357 N.C. 471, 474-75, 586 S.E.2d 250, 253-54 (2003); *see Pulliam v. Smith*, 348 N.C. 616, 625, 501 S.E.2d 898, 903 (1998) ("It is the duty of the reviewing court to examine all of the competent evidence in the record supporting the trial court's findings and to then decide if it is substantial."). If the record indicates substantial evidence to support the trial court's findings of fact, "such findings are conclusive on appeal, even if record evidence 'might sustain findings to the contrary.'" *Pulliam*, 348 N.C. at 625, 501 S.E.2d at 903 (citations and quotations omitted). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shipman*, 357 N.C. at 475, 586 S.E.2d at 254 (quoting *Pulliam*, 348 N.C. at 625, 501 S.E.2d at 903 (quoting *Williams v. Pilot Life Ins. Co.*, 288 N.C. 338, 342, 218 S.E.2d 368, 371 (1975))).

"Where no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal." *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991). Our analysis turns to whether the findings of fact support the conclusions of law. *Shipman*, 357 N.C. at 475, 586 S.E.2d at 254 (citing *Pulliam*, 348 N.C. at 628, 501 S.E.2d at 904).

### IV. Oral Agreement to Modify

[1] Defendant contends plaintiff is equitably estopped from enforcing provisions of the 1996 Order. He argues she consented to

an oral modification during the October 1997 meeting with their attorneys and this agreement was set out in a letter between the attorneys. We disagree.

### A. The Agreement

Defendant asserts that finding of fact number thirty-five is not supported by competent evidence. The trial court found:

> 35. That pursuant to the terms of the 1996 ORDER, defendant was required to maintain health insurance on both minor children. During the negotiations of October 1997, with Mr. Dixon and Mr. Duke [the parties' attorneys], the issue of health insurance was discussed between the parties, with the defendant requesting that plaintiff begin maintaining the health insurance on both minor children. *The plaintiff did not consent to this modification, either orally or in writing.* Defendant has failed to maintain proper insurance on the minor children since May 1997. . . . [B]etween June 1997 and August 2002, plaintiff has paid the total sum of $14.203.70 for health insurance premiums for the minor children. . . .

(Emphasis supplied). Plaintiff testified the parties briefly discussed the payment of health insurance premiums during the October 1997 meeting. During the meeting, plaintiff informed defendant he needed to pay for the children's health insurance. Plaintiff testified nothing further was mentioned at the meeting. After the meeting, plaintiff spoke with defendant on the telephone and reminded him of his obligation to provide health insurance coverage for the children.

Plaintiff's attorney wrote defendant's attorney a letter confirming portions of the agreement reached during the October 1997 meeting. This letter was received into evidence by the trial court. The letter stated defendant "would continue to pay for the health insurance for the children . . . ." Although he objected to the admission of the letter at trial, defendant has neither assigned error to its admission nor argues here that the trial court improperly considered this evidence. Defendant's brief admits, "Evidence was presented at trial that the Plaintiff's attorney wrote a letter to the Defendant's attorney which supported the Defendant's understanding of the parties' oral agreement."

Defendant testified to his understanding that the parties agreed plaintiff would provide health insurance on the children. Defendant also admitted during his testimony that he failed to provide insurance

after May 1997 and "stopped the health insurance four months before any 'agreement'" was reached during the October 1997 meeting. Substantial evidence supports the trial court's conclusion that plaintiff never agreed to orally modify that portion of the 1996 Order that required defendant to provide health insurance for the children.

## B. Equitable Estoppel

This Court has recognized the doctrine of equitable estoppel may apply in child support arrangements:

> "Equitable estoppel arises when an individual by his acts, representations, admissions, or by his silence when he has a duty to speak, intentionally or through culpable negligence induces another to believe that certain facts exist, and such other person rightfully relies and acts upon that belief to his detriment." *Thompson v. Soles*, 299 N.C. 484, 487, 263 S.E.2d 599, 602 (1980). "A party seeking to rely on equitable estoppel must show that, in good faith reliance on the conduct of another, he has changed his position for the worse." *Griffin v. Griffin*, 96 N.C. App. 324, 328, 385 S.E.2d 526, 529 (1989).

*Baker v. Showalter*, 151 N.C. App. 546, 548, 566 S.E.2d 172, 174 (2002). In *Baker*, the parties agreed on an amount of child support, which was incorporated and entered into the divorce judgment. *Id.* The parties subsequently orally agreed to reduce defendant's child support obligation. *Id.* at 547-48, 566 S.E.2d at 173. This Court rejected the defendant's argument that she detrimentally relied on the oral agreement to reduce her child support payments. *Id.* "Individuals may not modify a court order for child support through extrajudicial written or oral agreements." *Id.* at 551, 566 S.E.2d at 175 (citations omitted). We reiterated and relied on the reasoning from *Griffin*, wherein this Court ruled "the defendant was not equitably estopped from bringing the action because there was no detrimental reliance; the "only change made in [plaintiff's] position was the retention to his benefit of money owed for the support of his children." *Id.* at 549, 566 S.E.2d at 174 (quoting *Griffin*, 96 N.C. App. at 328, 385 S.E.2d at 529).

Here, defendant has failed to show he detrimentally relied on the perceived agreement with plaintiff. As in *Griffin*, defendant benefitted by retaining the money he was required to use to purchase insurance for his minor children. 96 N.C. App. at 328, 385 S.E.2d at 529. The trial court did not err in failing to apply the doctrine of equitable estoppel to bar plaintiff's enforcement of the 1996 Order. This assignment of error is overruled.

## V. Contempt

Defendant contends the trial court erred in finding him to be in contempt of court for failure to comply with the 1996 Order. Civil contempt may be imposed for a party's failure to comply with a court order, so long as:

(1) The order remains in force;

(2) The purpose of the order may still be served by compliance with the order;

(2a) The noncompliance by the person to whom the order is directed is willful; and

(3) The person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable the person to comply with the order.

N.C. Gen. Stat. § 5A-21(a) (2003).

Defendant does not challenge that portion of the trial court's order finding him to be in contempt for his failure to: (1) make contributions to the minor children's mutual fund accounts; (2) pay half of his children's uninsured medical expenses; (3) pay $500.00 twice yearly as additional child support. These findings sufficiently support the trial court's conclusion of law holding defendant in civil contempt. *See Koufman*, 330 N.C. at 97, 408 S.E.2d at 731.

Defendant argues he cannot be held in contempt for his failure to: (1) pay plaintiff $5,000.00 as a lump sum settlement; and (2) provide health insurance for the minor children between June 1997 and August 2002. We disagree and address each of defendant's arguments in turn.

## A. Promissory Note

[2] Defendant assigns error to the trial court's finding that defendant had "willfully failed to pay $5,000.00 or any sum owed pursuant to the [promissory] note." In explaining the "willfulness" requirement necessary to find a party in civil contempt, our Supreme Court has noted this term "imports knowledge and a stubborn resistance." *Cox v. Cox*, 10 N.C. App. 476, 477, 179 S.E.2d 194, 195 (1971) (quoting *Mauney v. Mauney*, 268 N.C. 254, 258, 150 S.E.2d 391, 393 (1966)).

Here, the trial court found that defendant was aware of his obligation to pay $5,000.00 plus interest, but admittedly failed to pay

because he paid higher taxes due to plaintiff's failure to jointly file tax returns with him in 1995. A letter from defendant to plaintiff dated April 1996, three months after the 1996 Order, was entered into evidence without objection from defendant and supports this finding. During the October 1997 meeting, plaintiff orally agreed to forgive the $5,000.00 payment on the condition that defendant comply with all other provisions in the 1996 Order. Presuming plaintiff and defendant entered an "agreement" forbearing payment of the promissory note, defendant failed to comply with the oral agreement. Defendant failed to assign error to portions of the trial court's order finding he did not comply with the 1996 Order and was not relieved of his obligation to pay the $5,000.00. Substantial evidence supports the trial court's finding that defendant willfully failed to pay the lump sum payment required by the 1996 Order.

We hold the trial court did not err in finding defendant willfully failed to pay the $5,000.00 plus interest owed on the promissory note. Defendant failed to make any assignment of error and presents no argument to support his assertion that the trial court's order does not contain sufficient findings to satisfy the remaining statutorily enumerated factors set forth in N.C. Gen. Stat. § 5A-21(a). Defendant has waived appellate review of this portion of his argument. N.C.R. App. P. 10(a) (2004) ("the scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal . . . ."). Further, our review of the record and transcript indicates substantial evidence supports a finding of civil contempt. Evidence was admitted to support the trial court's finding regarding defendant's willfulness and ability to comply with the 1996 Order. This assignment of error is overruled.

## B. Health Insurance

[3] Defendant also contends he cannot be held in contempt for failing to provide health insurance coverage for the minor children. We disagree. In support of his argument, defendant asserts the parties agreed to modify the 1996 Order to relieve him of the obligation to provide health insurance for the children. We have already rejected defendant's argument and held that substantial evidence shows plaintiff never agreed to modify this portion of the 1996 Order.

Substantial evidence further shows defendant's "knowledge and stubborn resistance" to satisfy this portion of the 1996 Order. *Cox*, 10 N.C. App. at 477, 179 S.E.2d at 195. Defendant admitted he "stopped the health insurance four months before there was any

'agreement' " reached during the October 1997 meeting. He continually requested plaintiff to provide health insurance for the children, but she objected.

Defendant knew of his obligation under the 1996 Order, yet failed to provide insurance coverage for his children from June 1997 to August 2002. His "stubborn resistance" to plaintiff's repeated demand for him to comply with the 1996 Order supports the trial court's order finding him to be in civil contempt. *Id.* This assignment of error is overruled.

## VI. Child Support

### A. Defendant's Appeal

[4] Defendant contends the trial court erred by increasing his child support obligation because no material and substantial change of circumstances existed to affect the welfare of the minor children. We disagree.

N.C. Gen. Stat. § 50-13.7(a) (2003) provides, "An order of a court of this State for support of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party . . . ." "[M]odification of a child support order involves a two-step process. The court must first determine a substantial change of circumstances has taken place; only then does it proceed to . . . calculate the applicable amount of support." *Trevillian v. Trevillian*, 164 N.C. App. 223, 224-25, 595 S.E.2d 206 (2004) (quoting *McGee v. McGee*, 118 N.C. App. 19, 26-27, 453 S.E.2d 531, 535-36 (1995), [*disc. rev. denied*, 340 N.C. 359, 458 S.E.2d 189 (1995)]).

In determining whether a material and substantial change of circumstances has occurred, the trial court "must consider and weigh all evidence of changed circumstances which affect or will affect the best interests of the child, both changed circumstances which will have *salutary* effects upon the child and those which will have *adverse* effects upon the child." *Pulliam*, 348 N.C. at 619, 501 S.E.2d 899 (emphasis supplied). Changed circumstances can be shown through evidence of:

> a substantial increase or decrease in the child's needs; a substantial and involuntary decrease in the income of the noncustodial parent even though the child's needs are unchanged; a voluntary decrease in income of either supporting parent,

absent bad faith, upon a showing of changed circumstances relating to child oriented expenses; and, for support orders that are at least three years old, proof of a disparity of fifteen (15) percent or more between the amount of support payable under the original order and the amount owed under North Carolina's Child Support Guidelines based upon the parties' current income and expenses.

*Wiggs v. Wiggs*, 128 N.C. App. 512, 515, 495 S.E.2d 401, 403 (1998) (internal citations omitted), *overruled on other grounds, Pulliam*, 348 N.C. 616, 501 S.E.2d 898. " 'Child support orders entered by a trial court are accorded substantial deference by appellate courts and our review is limited to a determination of whether there was a clear abuse of discretion.' " *Trevillian*, 164 N.C. App. at 226, 595 S.E.2d at 208 (quoting *Mason v. Erwin*, 157 N.C. App. 284, 287, 579 S.E.2d 120, 122 (2003)).

Here, the trial court concluded:

a material and substantial change in the financial circumstances of the parties since the 1996 ORDER, including a substantial increase in the income of both parties, an increased cost of living for both parties, and an increase in the costs of the needs and extra-curricular activities of the minor children.

Defendant failed to assign error to this conclusion and has waived appellate review. N.C.R. App. P. 10 (2004). Our review of the record and transcript indicates this portion of the trial court's order is supported by the evidence presented and its findings of fact.

The uncontroverted findings of fact show that following entry of the 1996 Order: (1) plaintiff and the minor children moved from Pitt County, North Carolina, to Cobb County, Georgia; (2) plaintiff's employer provided her with a vehicle and a residence in which the children lived; (3) defendant moved from Pitt County to Wilmington, North Carolina, purchased a new home, and started a new job; (4) "plaintiff manifested her intent to the defendant to cut off all communication with the defendant;" (5) both of the children participated in recreational and team sports; and (6) plaintiff was incurring additional child care expenses due to her new job in Atlanta. Plaintiff testified, without objection by defendant, that she was paying an increased amount in educational expenses and the minor children had become involved "in a lot of extracurricular activities." Defendant testified that both he and plaintiff spent a

significant amount of money in travel expenses related to visitation with the minor children as a result of plaintiff's relocation to Georgia in 1998.

Evidence in the record and the trial court's findings sufficiently support the trial court's conclusion that a material and substantial change occurred regarding the financial circumstances of the parties since the 1996 Order. These changes in the financial circumstances impacted both parties' ability to support their minor children and justify a modification of the child support obligation.

We further note that although *plaintiff* moved for an increase in child support, *defendant* filed a motion with the trial court alleging a "material and substantial change in circumstances" and seeking a modification of the 1996 Order. His argument on appeal that the record insufficiently supports a finding of a change in circumstances is without merit. This assignment of error is overruled.

## B.  Plaintiff's Cross-Appeal

[5] Plaintiff's cross-appeal challenges the trial court's failure to find defendant in contempt for his failure to pay $1,200.00 in child support as required in the 1996 Order. Plaintiff argues defendant willfully disobeyed the 1996 Order by paying $1,000.00 per month in child support. We disagree.

Both parties presented evidence at trial to show the parties reached an oral agreement during the October 1997 meeting regarding the amount defendant would pay in child support. Although an order was never entered by the court, plaintiff acknowledged the agreement. At trial, *plaintiff* read a letter into evidence written by *her* attorney following the meeting that indicated she agreed to "a reduction in child support from $1,200 to a $1,000 per month . . . ." Plaintiff testified that except for one month in 2000, defendant paid the child support of $1,000.00 each month since October 1997.

Plaintiff's testimony and her attorney's letter demonstrate the parties agreed to modify defendant's child support obligation during the October 1997 meeting. Although parties may not modify a child support order through extrajudicial agreements, this evidence supports the trial court's finding that defendant did not act willfully. *Baker*, 151 N.C. App. at 551, 566 S.E.2d at 175. Plaintiff has failed to show that defendant possessed any "knowledge" that he was required to continue payment under the 1996 Order as opposed to the agreement reached between the parties. *Cox*, 10 N.C. App. at 477, 179

S.E.2d at 195. Further, plaintiff has failed to point to any evidence in the record to show defendant's "stubborn resistance" to pay child support. *Id.* This assignment of error is overruled.

## VII.  Calculating Child Support

[6] Plaintiff also contends the trial court erred by failing to include defendant's overtime pay in calculating his gross income and by allowing him a credit for travel expenses related to visitation with the minor children. We disagree.

The North Carolina Child Support Guidelines ("Guidelines") set forth the requirements to determine a parent's child support obligation. The Guidelines apply:

> in cases in which the parents' combined adjusted gross income is equal to or less than $ 15,000 per month ($ 180,000 per year). For cases with higher combined adjusted gross income, child support should be determined on a case-by-case basis, provided that the amount of support awarded may not be lower than the maximum basic child support obligation shown in the Schedule of Basic Child Support Obligations.

*Trevillian,* 164 N.C. App. at 225, 595 S.E.2d at 207 (quoting Child Support Guidelines, "Determination of Support in Cases Involving High Combined Income," Annotated Rules of North Carolina (2002)). In determining each parent's child support obligation:

> an order for child support must be based upon the interplay of the trial court's conclusions of law as to (1) the amount of support necessary to "meet the reasonable needs of the child" and (2) the relative ability of the parties to provide that amount. These conclusions must themselves be based upon factual *findings* specific enough to indicate to the appellate court that the judge below took "due regard" of the particular "estates, earnings, conditions, [and] accustomed standard of living" of both the child and the parents. It is a question of fairness and justice to all concerned.

*Coble v. Coble,* 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980) (emphasis and alteration in original) (quoting *Beall v. Beall,* 290 N.C. 669, 674, 228 S.E.2d 407, 410 (1976)). Here, the evidence shows and the trial court found the parties' combined adjusted gross monthly income was $21,107.00, which exceeds the upper limit covered by the most recent version of the Guidelines. The Guidelines are inap-

plicable at bar and the trial court was required to make a case-by-case determination. *See Trevillian*, 164 N.C. App. at 225, 595 S.E.2d at 207-08.

### A.  Overtime Pay

Evidence establishes defendant received overtime pay during the year 2002. Defendant testified his 2002 overtime pay was atypical and a result of a colleague who had died and two other colleagues who were on maternity leave during that time. Defendant testified he did not anticipate receiving any overtime pay in the future. No evidence was presented to show defendant earned substantial overtime in any year other than 2002. The trial court did not abuse its discretion by failing to include defendant's 2002 overtime pay in calculating each party's obligation.

### B.  Travel Expenses

[7] Defendant testified he spent $3,337.00 between February 2001 and June 2002 for visitation expenses unrelated to airplane expenditures. Evidence was also presented to support defendant's testimony that he spent, on average, between $300.00 to $500.00 monthly in visitation-related expenses. The trial court found defendant spent $125.00 per month for airfare for the children. Defendant often drove between North Carolina and Georgia to visit the children and transported the children upon plaintiff's demand to an airport located two hours away from defendant's home. The trial court's order contemplates visitation between defendant and his minor children in both North Carolina and Georgia. The adjustment of $300.00 per month is supported by competent evidence. Further, the trial court ordered defendant to pay all air fare costs. The trial court did not abuse its discretion in allowing defendant a credit for these expenses.

### C.  Trial Court's Findings

The trial court made specific findings regarding each party's gross monthly income, mortgage and car payments, and other expenses. The trial court also made findings regarding expenses for the children, including after school care. These findings are sufficiently specific to indicate the trial court took "due regard" of the particular "estates, earnings, conditions [and] accustomed standard of living of both the child[ren] and the parents" as required by *Coble*. 300 N.C. at 712, 268 S.E.2d at 189. The trial court properly considered each party's ability to pay and did not abuse its discretion by excluding defendant's overtime pay and crediting for travel expenses to defendant. This assignment of error is overruled.

MEEHAN v. LAWRANCE

[166 N.C. App. 369 (2004)]

## VIII. Health Insurance Calculations

[8] Plaintiff contends the trial court erred in calculating the amount defendant owed for health insurance premiums she paid. Plaintiff asserts she was owed $18,984.70, which is $4,781.00 more than the $14,203.70 ordered by the court. As substantial evidence supports the trial court's findings, we disagree.

Plaintiff asserts she began paying for health insurance for the minor children in October 1995, because defendant discontinued health insurance coverage for the minor children in September 1995. Plaintiff contends she is owed $4,781.00 for the amount she paid for insurance premiums from October 1995 to May 1997. Plaintiff testified she was not aware of any time when she and defendant both provided health insurance coverage for the children.

Defendant testified he provided health insurance for the children until May 1997. He produced evidence to corroborate this testimony and showed the children were covered under his health insurance policy from 1 November 1996 to 31 May 1997.

In a non-jury trial, "[t]he weight, credibility, and convincing force of [the] evidence is for the trial court, who is in the best position to observe the witnesses and make such determinations." *Freeman v. Freeman*, 155 N.C. App. 603, 608, 573 S.E.2d 708, 712 (2002), *disc. rev. denied*, 357 N.C. 250, 582 S.E.2d 32 (2003) (citing *Upchurch v. Upchurch*, 128 N.C. App. 461, 495 S.E.2d 738, *disc. rev. denied*, 348 N.C. 291, 501 S.E.2d 925 (1998)). Here, the judge, as fact finder, could give more weight and credibility to defendant's testimony and evidence indicating he had provided health insurance for the minor children until May 1997. The trial court did not err by denying plaintiff's claims of insurance payments made prior to May 1997 and by ordering defendant to reimburse her for health insurance premiums after that date. This assignment of error is overruled.

## IX. Conclusion

Plaintiff was not equitably estopped from enforcing certain provisions of the 1996 Order regarding health insurance coverage for the children and requiring repayment of the promissory note. The trial court did not err in holding defendant in contempt for his willful violation relating to these provisions.

The trial court did not abuse its discretion in: (1) increasing defendant's child support obligation after finding a material and sub-

stantial change of circumstances occurred, which affected the welfare of the minor children; (2) calculating the increase by excluding defendant's overtime and crediting him for travel expenses related to visitation with the minor children; and (3) calculating the amount defendant owed plaintiff for health insurance coverage on the children.

Many of plaintiff's and defendant's assignments of error relate to rulings by the trial court that we review under an abuse of discretion standard. Both parties failed to show the trial court abused its discretion. The trial court's order is affirmed.

Affirmed.

Judges HUDSON and BRYANT concur.