An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-55

NORTH CAROLINA COURT OF APPEALS

Filed:  19 August 2014

PATRICIA LAWS,
　　　Plaintiff

　　　v.

ROBERT K. LAWS,
　　　Defendant

Alamance County
No. 03 CVD 2839

Appeal by defendant from order entered 26 June 2013 by Judge Kathryn Whitaker Overby in Alamance County District Court. Heard in the Court of Appeals 21 May 2014.

*No brief filed for plaintiff-appellee.*

*Fairman Law PLLC, by Kelly S. Fairman, for defendant-appellant.*

CALABRIA, Judge.

Robert K. Laws ("defendant") appeals from the trial court's order modifying child support for his minor child Nathaniel.[1] The court ordered that Nathaniel's mother, Patricia Laws ("plaintiff"), would be entitled to claim him as a dependent for state and federal tax purposes.  We affirm.

---

[1] "Nathaniel" is a pseudonym used to protect the identity of the minor child.

Plaintiff and defendant were married on 17 May 1991 and separated on 17 December 2003. During their marriage, they had two children, Taylor, who was born in 1992, and Nathaniel, who was born in 1997. The first order governing child support between the parties was entered on 4 April 2004.

On 27 April 2009, the trial court entered an order ("the 27 April 2009 order") which, *inter alia*, modified child support to permit defendant to claim Nathaniel as a dependent for federal and state tax purposes "for the year 2010 until modified by this court." This modification was based upon a finding by the trial court that plaintiff had no taxable income.

On 27 October 2009, the trial court entered a modification order which reduced defendant's child support obligation. The court found that the modification was appropriate because Taylor had begun living with defendant. The trial court's order also noted that "all other provisions of the previous order remain in full force and effect."

On 6 October 2010, the trial court entered a modification order which increased defendant's child support obligation. The court found that the modification was appropriate because Taylor had reached the age of majority and plaintiff recently obtained sole physical custody of Nathaniel, who lived with plaintiff.

Once again, the trial court's order noted that "all other provisions of the previous order remain in full force and effect."

On 16 May 2013, plaintiff filed a motion to modify child support. Specifically, plaintiff sought to have the trial court modify the portion of its 27 April 2009 order that permitted defendant to claim Nathaniel as a dependent for federal and state tax purposes. In support of her motion to modify, plaintiff made three claims: (1) that although defendant paid child support, "it is many times late and seldom the correct amount;" (2) that Nathaniel, "being a teenager has requirements that far exceed the stipulated child support amount;" and (3) that Nathaniel resides with her full time.

On 26 June 2013, the trial court entered an order granting plaintiff's motion to modify. The court found that "[a]s of the date of this hearing, the oldest child is twenty-one years old, and cannot be claimed as a dependent for the plaintiff's state and/or federal tax purposes." The court also found that "[t]he youngest child continues to live with the Plaintiff." Based on these findings, the court concluded that there was a substantial change in circumstances pursuant to N.C. Gen. Stat. § 50-13.7 justifying the modification of child support and returned to

plaintiff the right to claim the child as a dependent for tax purposes. Defendant appeals.

Defendant argues that the trial court erred by granting plaintiff's motion to modify when the court's findings did not support its conclusion that there had been a substantial change of circumstances since the entry of the last child support order. We disagree.

A child support order "may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party . . . ." N.C. Gen. Stat. § 50-13.7(a) (2013). "'[M]odification of a child support order involves a two-step process. The court must first determine a substantial change of circumstances has taken place; only then does it proceed to . . . calculate the applicable amount of support.'" *Trevillian v. Trevillian*, 164 N.C. App. 223, 224-25, 595 S.E.2d 206, 207 (2004) (quoting *McGee v. McGee*, 118 N.C. App. 19, 26-27, 453 S.E.2d 531, 535-36 (1995)). "The moving party has the burden of showing changed circumstances." *Thomas v. Thomas*, 134 N.C. App. 591, 592, 518 S.E.2d 513, 514 (1999) (citation omitted).

"Child support orders entered by a trial court are accorded substantial deference by appellate courts and our review is

limited to a determination of whether there was a clear abuse of discretion." *Leary v. Leary*, 152 N.C. App. 438, 441, 567 S.E.2d 834, 837 (2002). "The modification [of a child support] order must be supported by findings of fact, based upon competent evidence, that there has been a substantial change of circumstances affecting the welfare of the child." *Ebron v. Ebron*, 40 N.C. App. 270, 271, 252 S.E.2d 235, 236 (1979). The trial court's "determination of whether changed circumstances exist is a conclusion of law." *Brooker v. Brooker*, 133 N.C. App. 285, 289, 515 S.E.2d 234, 237 (1999).

In the instant case, the trial court's modification order included the following relevant findings of fact:

> 7. The last child support order was signed by Judge G. Wayne Abernathy on April 27, 2009. The Court allowed the Defendant to claim the youngest child as a dependent for both state and federal tax purposes for the year 2010 and until modified by this Court.
>
> 8. In 2009, both children lived with the Plaintiff.
>
> 9. As of the date of this hearing, the oldest child is twenty-one years old, and cannot be claimed as a dependent for the plaintiff's state and/or federal tax purposes.
>
> 10. The youngest child continues to live with the Plaintiff.

Based upon these findings, the court concluded that "[t]here are facts justifying this Court to modify Judge G. Wayne Abernathy's April 27, 2009 order based upon a substantial change in circumstances pursuant to the provisions of N.C. Gen. Stat. § 50-13.7."

The trial court's finding, that the 27 April 2009 order was the last child support order in the case, is not supported by the record. Subsequent child support modification orders were entered on 27 October 2009 and 6 October 2010. Both of those orders specifically indicated that "all other provisions of the previous order remain in full force and effect." Based upon this record, the actual last child support order between plaintiff and defendant was entered 6 October 2010.

It is well established that when "modifying a child support order the trial court should consider only changes in circumstances since entry of the most recent order." *Newman v. Newman*, 64 N.C. App. 125, 128, 306 S.E.2d 540, 542 (1983). Thus, in the instant case, the trial court's order will still be upheld so long as its findings support the conclusion that a substantial change in circumstances has occurred since 6 October 2010.

The only finding included in the trial court's order which suggests a substantial change in circumstances is the finding that Taylor could not be claimed as a dependent for income tax purposes. On 6 October 2010, Taylor was eighteen years old. At that time, plaintiff was still entitled to claim Taylor as a dependent for purposes of federal and state taxes through the 2010 tax year. *See* 26 U.S.C. § 152(c)(3)(A)(i) (2013)(defining as a dependent a qualifying child that "has not attained the age of 19 as of the close of the calendar year in which the taxable year of the taxpayer begins"); 17 N.C.A.C. 6C.0123 (2014) ("State and Federal definitions of dependent . . . are the same[.]").

Thus, the trial court's finding that Taylor was no longer able to be claimed as a dependent for tax purposes reflected a change that occurred after the entry of the previous child support order on 6 October 2010. This finding adequately supported the trial court's conclusion that a substantial change in circumstances had occurred, justifying a modification of the previous child support order. Accordingly, the trial court did not abuse its discretion by granting plaintiff's motion to amend and returning to plaintiff the right to claim Nathaniel as a tax dependent. The trial court's order is affirmed.

Affirmed.

Judges BRYANT and GEER concur.

Report per Rule 30(e).