HYDE INSURANCE AGENCY, INC. v. HOMER RANDOLPH NOLAND

No. 7630DC50

(Filed 18 August 1976)

Insurance § 2— open account with insurance agent — finance or late payment charge permissible

    G.S. 24-11(a) and G.S. 58-56.1(c) authorize an insurance agent who extends customer credit on an open account to impose a finance charge on his own customers in an amount not to exceed an aggregate annual rate of 18%, even though there has not been any prior express agreement between the parties regarding such charges, but such charges may not be imposed unless the debtor is given proper notice that the creditor intends to impose such finance charges; therefore, the trial court erred in concluding that plaintiff could not impose late charges or finance charges in any amount on any portion of the overdue credit balance on defendant's open account with plaintiff.

APPEAL by plaintiff from *Leatherwood, Judge*. Judgment entered 3 October 1975 in District Court, Haywood County. Heard in Court of Appeals 6 May 1976.

This is a civil action, wherein the plaintiff, Hyde Insurance Agency, Inc., seeks to recover from defendant, Homer Randolph Noland, insurance premiums due on an open account and "late charges or finance charges" due on said account.

The parties waived trial by jury and submitted the action to the Court on an agreed statement of facts from which the Court made the following findings and conclusions:

    "1. Plaintiff's account shows a balance owing them by the Defendant for insurance premiums in the total amount of $352.94.

    "2. Plaintiff's account shows a balance owing them by the Defendant for late charges or finance charges imposed from time to time at the periodic rate of 1% per month or an annual percentage rate of 12%, on any balance owing Plaintiff over 30 days old after deducting current payments and credits shown, in the total amount of $441.19.

    "3. Defendant has made no actual oral or written agreement to pay finance charges or late charges in any amount or at any rate.

    "4. Plaintiff has mailed monthly to the Defendant a 'Statement' of defendant's account with a separate entry

for each late charge and each separate transaction; on the face of each such 'Statement' is the following written material:

"Late Charge (FINANCE CHARGE) at the periodic rate of 1% per month (ANNUAL PERCENTAGE RATE—12%) is imposed on balance over 30 days old after deducting current payments and credits shown. To avoid late charge (FINANCE CHARGE) pay current charges within 30 days from closing date.

"On the reverse side of each 'Statement' is the following written material:

"NOTICE

All accounts are due and payable upon receipt of statement, and the imposition, payment or collection of a late charge shall in no way represent or be deemed to be a grant or extension of time for payment of the account, or interest for the financing of premiums, the late charge is not part of any insurance premium, and the payment or nonpayment of the late charge shall in no way affect the lapse as reinstatement of any policy, or alter the terms or conditions of any policy. The information furnished on this statement with regard to finance charge is given to comply with the Federal Truth-In-Lending Act.

"5. The Defendant has received these 'Statements' from the Plaintiff.

"6. Defendant has made no payments to Plaintiffs on said account since prior to December 10, 1974, the date of the institution of the suit, the last payment having been made on September 4, 1973.

"BASED UPON THE ABOVE FINDINGS OF FACT, and after hearing the oral arguments of Counsel for each party as to the applicable law, the Court makes the following CONCLUSIONS OF LAW:

"1. Plaintiff is entitled to recover from the Defendant $352.94 for insurance premiums owed them.

"2. Plaintiff is not entitled to recover for any late charges or finance charges imposed on Defendant's account balance."

Insurance Agency v. Noland

From the Judgment that the plaintiff recover $352.94 for delinquent premiums, and that it recover no finance charges, plaintiff appealed.

*Millar, Alley & Killian, by Leon M. Killian III, for the plaintiff appellant.*

*Francis & Hipps, by Charles W. Hipps, for defendant appellee.*

HEDRICK, Judge.

Plaintiff excepted to the following conclusion by the Court, "Plaintiff is not entitled to recover for any late charges or finance charges imposed on Defendant's account balance." This exception presents for review the question of whether the facts found by the trial judge support such a conclusion. Defendant argues that the conclusion is supported by the finding, "Defendant has made no actual oral or written agreement to pay finance charges or late charges in any amount or at any rate."

The record before us clearly demonstrates that the defendant purchased insurance through plaintiff's agency from time to time on "open-end credit" or an open account beginning in August, 1968, through April, 1973. On 25 May 1970, when defendant's account balance was $415.00, plaintiff began to impose a "late charge or finance charge" on defendant's credit balance more than 30 days old. The record further discloses and the Court found as a fact, that the monthly bills sent to the defendant by the plaintiff, disclosed that the plaintiff was charging the defendant a "finance charge of 1½% monthly or 18% annually. The finance charge was reduced to 1% monthly or 12% annually in September, 1973.

General Statute 24-11(a) provides, in part:

"On the extension of credit under an open-end credit or similar plan . . . under which no service charge shall be imposed upon the consumer or creditor if the account is paid within twenty-five days from the billing date, there may be charge and collected interest, finance charges or other fees at a rate in the aggregate not to exceed one and one-half percent (1½%) per month on the unpaid balance of the previous month. . . ."

General Statute 58-56.1(c) provides, in part:

"... an insurance broker duly licensed in this State who extends credit to and only to his own policyholders may charge and collect finance charges or other fees at a periodic (monthly) rate as provided in G.S. 24-11(a), after said amount has been outstanding for 30 days. . . ."

We interpret these statutes to authorize an insurance agent who extends customer credit on an open account to impose a finance charge on his own customers in an amount not to exceed an aggregate annual rate of 18%. We think that it was the intention of the Legislature to authorize the imposition of finance charges on an open account, even though there had not been any prior express agreement between the parties regarding such charges. However, such charges could not be imposed unless the debtor was given proper notice that the creditor intended to impose such finance charges. We think the creditor could collect a finance charge on an open account under the provisions of G.S. 24-11(a) provided the person to whom the credit is extended had been notified by the creditor when the credit was extended of all the details and circumstances pertaining to the imposition of finance charges. Thus we hold the Court's conclusion that the plaintiff could not impose "late charges or finance charges" in any amount on any portion of the overdue credit balance to be erroneous and not supported by the findings of fact.

In the absence of evidence tending to show that the plaintiff notified the defendant of the details and circumstances under which it proposed to institute finance charges prior to 25 May 1970, we hold the plaintiff would not be entitled to impose finance charges on the credit balance existing at that time. However, it is our opinion, that since the statements received by defendant after that date contained detailed information regarding the imposition of finance charges, the plaintiff would be entitled to impose finance charges under G.S. 24-11(a) on all credit extended on purchases made after that date.

Since the Court concluded that the plaintiff was not entitled to recover finance charges, it did not make definitive findings of fact sufficient to determine the precise amount, if any, the plaintiff might be entitled to recover as finance charges. Indeed, we cannot say that the parties sufficiently developed the evidence to enable the Court to make definitive findings.

That portion of the judgment awarding the plaintiff $352.94 representing delinquent insurance premiums is affirmed. For the reasons stated above, that portion of the judgment declaring plaintiff is not entitled to recover any amount for "late charges or finance charges" is vacated and the cause is remanded to the District Court for a new trial as to plaintiff's claim to recover $441.19 in finance charges.

Affirmed in part, vacated and remanded in part.

Chief Judge BROCK and Judge CLARK concur.