INCO, INC. v. PLANTERS OIL MILL, INC.

No. 827SC835

(Filed 19 July 1983)

1. **Evidence § 48.2— witness not accepted by court as expert—no abuse of discretion**

There was no abuse of discretion in the trial court's failure to accept defendant's witness as an expert on the speed at which plaintiff's employees performed their work. G.S. 8-58.13.

2. **Contracts § 29.5— award of interest proper**

In an action brought to recover for equipment and services furnished to defendant, the trial court properly awarded interest at the G.S. 24-11(a) rate from a time at which all accounts were more than 30 days overdue.

3. **Contracts § 29.5— no advance agreement on finance charges—interest award proper**

In an action to recover for equipment and services furnished to defendant, the trial court properly awarded interest on the damages even though there was no advance agreement between the parties on finance charges since the finance charge rate of G.S. 24-11(a) was not imposed on the first invoice that defendant received, but rather was imposed on invoices after the first one which provided notice to defendant that finance charges would be imposed. G.S. 58-56.1(c).

APPEAL by defendant from Kivett, Judge. Judgment entered 14 June 1982 in Superior Court, EDGECOMBE County. Heard in the Court of Appeals 19 May 1983.

The plaintiff brought this action to recover for equipment and services it furnished to the defendant from September, 1980 to February, 1981. It sought $26,791.96 plus interest at the maximum rate allowable by law from 31 March 1981, the date of its last statement to the defendant.

The defendant's answer alleged that the plaintiff breached the contract between the parties by providing equipment of poor quality. It stated that the plaintiff should only be entitled to the value of the services, labor, and materials actually furnished, not the value of those that it invoiced.

Evidence at trial supported the pleadings of the parties. On the plaintiff's invoices to the defendant were the words: "TERMS: NET." At the bottom of the invoices was the statement: "FINANCE CHARGE is computed by a 'Periodic Rate' of 1½% per month

which is an ANNUAL PERCENTAGE RATE OF 18% applied to the New Balance if not paid by due date Minimum Finance Charge is 50¢."

The jury awarded the plaintiff $26,609.96 in damages. The trial judge then entered a judgment in favor of the plaintiff for $26,486.36 plus 18 percent interest per annum and $123.80 plus interest at the legal rate, interest on each to be computed from 31 March 1981. From the judgment, the defendant appealed.

*Moore, Diedrick, Whitaker & Carlisle, by Sam Q. Carlisle, II and J. M. Hester, Jr., for plaintiff-appellee.*

*Henson, Fuerst & Willey, by Thomas W. Henson, for defendant-appellant.*

ARNOLD, Judge.

[1] The defendant first contends that its employee C. M. Stone should have. been allowed to testify as an expert on the speed at which the plaintiff's employees performed their work.

We first note that Stone was never accepted by the court as an expert, although he was tendered as "an expert witness on supervising welding crews." When there is no finding or admission that the witness is qualified, the exclusion of his testimony will not be reviewed. 1 Brandis, N.C. Evidence § 133 (2d rev. ed. 1982); *State v. Satterfield,* 300 N.C. 621, 268 S.E. 2d 510 (1980).

Stone's competency to testify as an expert is in the trial judge's discretion and will not be disturbed on appeal absent an abuse of that discretion. *State v. Taylor,* 304 N.C. 249, 260, 283 S.E. 2d 761, 770 (1981). There was no abuse of that discretion in this case.

The defendant also contends that Stone's opinions should have been admitted because G.S. 8-58.13 permits witness opinion that will aid the trier of fact. But that statute requires that the witness must first be "qualified as an expert by knowledge, skill, experience, training, or education. . . ." Because there was no explicit or implicit finding that Stone was an expert, it was proper to exclude parts of his testimony.

[2] The defendant's final attack is on the awards of interest by the trial judge. It first contends that because the terms of the ac-

count were "NET," payment was due immediately. As a result, it argues that G.S. 24-11(a), which permits interest of one and one-half percent per month, is not applicable since that subsection applies to accounts on which "no service charge shall be imposed upon the consumer or debtor if the account is paid in full within 25 days from the billing date. . . ."

It is true that Deleon Parker, the plaintiff's president and general manager, defined "net" as meaning that an account "is due and payable when the customer receives the bill." But the judgment only awarded interest at the G.S. 24-11(a) rate from 31 March 1981. All accounts were more than 30 days overdue on that date. Thus, no service charge was imposed within 25 days of any billing date, as the statute prohibits.

[3] The defendant's second attack on the interest award is that there was no advance agreement between the parties on finance charges. As a result, it argues that the one and one-half percent finance charge was improper. We disagree.

This Court addressed a similar contention in *Hyde Ins. Agency, Inc. v. Noland,* 30 N.C. App. 503, 227 S.E. 2d 169 (1976). That case upheld imposition of finance charges by an insurance agency on a policy holder's open account. Relying on G.S. 24-11(a), the Court said that finance charges could be collected on amounts that became due after initial notice by the agency that it was going to collect the charges. This is true even though there was no prior agreement between the parties.

> We think the creditor could collect a finance charge on an open account under the provisions of G.S. 24-11(a) provided the person to whom the credit is extended had been notified by the creditor when the credit was extended of all the details and circumstances pertaining to the imposition of finance charges. . . . [S]ince the statements received by defendant after that date contained detailed information regarding the impositin of finance charges, the plaintiff would be entitled to impose finance charges under G.S. 24-11(a) on all credit extended on purchases made after that date.

30 N.C. App. at 506, 227 S.E. 2d at 171.

In the case before us, the finance charge rate of G.S. 24-11(a) was not imposed on the first invoice that the defendant received. This was in accord with *Hyde* because that invoice was the first notice to the defendant that finance charges would be imposed. As a result, finance charges of one and one-half percent per month were properly imposed on invoices after the first one.

*Hyde* is not distinguishable from this case because a statute there allowed insurance brokers to impose finance charges as provided in G.S. 24-11(a). *See* G.S. 58-56.1(c). The billing arrangement in this case was "an open-end credit or similar plan" that G.S. 24-11(a) authorizes.

We also find unpersuasive the defendant's argument that any interest after the date of the judgment should be at the legal rate of eight percent. Interest accrues at the G.S. 24-11(a) rate until the judgment is paid. *See* G.S. 24-5.

For these reasons, we find no error in the trial below.

No error.

Judges WEBB and BRASWELL concur.