JEWEL A. FARLOW, Plaintiff
v.
JAMES E. BROOKBANK, Defendant

No. COA13-403

Filed 5 November 2013

**Interest—right to collect—higher than legal rate—waiver**

The trial court did not err in a breach of contract case arising out of the nonpayment of legal services by denying plaintiff attorney's request for the assessment of interest at a rate of one and one-half percent per month (or eighteen percent per annum) pursuant to N.C.G.S. § 24-11(a) rather than at the legal rate. A creditor's right to collect interest at a rate higher than the legal rate pursuant to N.C.G.S. § 24-11(a) should be asserted in a regular and consistent manner and may be waived by the creditor's subsequent failure to assert her rights in such a manner.

Appeal by plaintiff from judgment entered 17 October 2012 by Judge Polly D. Sizemore in Guilford County District Court. Heard in the Court of Appeals 26 September 2013.

*Gordon Law Offices, by Harry G. Gordon, for Plaintiff.*

*Smith, James, Rowlett & Cohen, LLP, by Norman B. Smith, for Defendant.*

ERVIN, Judge.

Plaintiff Jewel A. Farlow appeals from a judgment requiring Defendant James E. Brookbank to pay $16,600.00 in compensatory damages, interest on the compensatory damage award calculated at the legal

rate (eight per cent per annum), and $105.00 in costs. In her brief, Plaintiff contends that the trial court erred by denying her request for the assessment of interest at a rate of one and one-half percent per month (or eighteen percent per annum) pursuant to N.C. Gen. Stat. § 24-11(a) rather than at the legal rate. After careful consideration of Plaintiff's challenge to the trial court's judgment in light of the record and the applicable law, we conclude that the trial court's judgment should be affirmed.

## I.  Factual Background

### A.  Substantive Facts

On or about 17 June 2003, Defendant hired Plaintiff to represent him in litigation in which he was engaged with his former spouse. Between December 2003 and February 2007, Plaintiff sent five invoices to Defendant relating to the legal services that she had provided to Defendant in connection with this litigation.

On 1 December 2003, Plaintiff sent an invoice to Defendant in the amount of $230.00 relating to legal services rendered from 23 June 2003 through 6 October 2003. Defendant paid Plaintiff's first invoice on 4 November 2003. On 27 September 2004, Plaintiff sent Defendant an invoice in the amount of $1,507.59, with the amount billed in this invoice relating to work that Plaintiff performed on Defendant's behalf from 1 March 2004 through 31 May 2004. Defendant paid the second invoice that he received from Plaintiff on 7 October 2004. On 4 October 2006, Plaintiff sent a third invoice in the amount of $9,632.16 covering services that she rendered on Defendant's behalf from 1 July 2006 to 30 September 2006. According to the 4 October 2006 invoice, "[s]ervices rendered prior to [1 July 2006 would] be billed at a later date." None of the first three invoices that Plaintiff sent to Defendant either specified a date upon which the invoiced amount was due and owing or provided for payment of a particular interest rate. Defendant did not pay the amount set out in the third invoice prior to 4 December 2006.

On 4 December 2006, Plaintiff sent a fourth invoice to Defendant in the total amount of $12,421.36, with the amount billed by means of this invoice stemming from work that Plaintiff had performed and expenses that Plaintiff had incurred on Defendant's behalf from 4 June 2006 until the specified billing date. The time and expense amounts reflected on the 4 December 2006 invoice were incurred either prior to 1 July 2006 or after 30 September 2006. The 4 December 2006 invoice was attached to a letter that stated, in pertinent part, "[p]lease note that this Statement is a bill and is payable upon your receipt thereof" and that "[i]nterest at the rate of 1 1/2 percent per month will be added to the balance due on

amounts which remain unpaid thirty (30) days or more." Similarly, language appearing at the bottom of the 4 December 2006 invoice indicated that "PAYMENT [was] DUE UPON RECEIPT" and that "ANY BALANCE THAT REMAINS UNPAID THIRTY (30) DAYS OR MORE WILL ACCRUE INTEREST AT THE RATE OF 1 1/2 PERCENT PER MONTH."

On 19 February 2007, Plaintiff sent a final invoice to Defendant in the amount of $1,305.51 relating to time spent and expenses incurred in connection with Plaintiff's representation of Defendant from 6 December 2006 to 19 February 2007. As was the case with the first three invoices that Plaintiff sent to Defendant and unlike the 4 December 2006 invoice, the 19 February 2007 invoice did not mention a due date or contain any language relating to the payment of interest. Although Defendant made a $1,000.00 payment on 19 December 2006, he did not pay anything else to Plaintiff after that date.

## B. Procedural History

On 23 July 2009, Plaintiff filed a complaint in which she alleged that Defendant had breached a contract between the parties and sought to recover Defendant's past due balance of $22,359.03, plus interest "at the legal rate." On 25 September 2009, Defendant filed an answer in which he admitted that Plaintiff had provided legal services to him, that he had made certain payments to Plaintiff, and that Plaintiff had made demand upon him for the payment of additional amounts, but denied that he was obligated to make any additional payments to Plaintiff.

Plaintiff's claim against Defendant came on for trial before the trial court and a jury at the 13 February 2012 civil session of the Guilford County District Court. On 20 February 2012, the jury returned a verdict finding that the parties had entered into a contract, that Defendant had breached the contract between the parties, and that Plaintiff was entitled to recover the principal sum of $16,600.00 from Defendant.

In accordance with a pretrial agreement between the parties, the trial court, sitting without a jury, proceeded to determine the extent, if any, to which Defendant should be required to pay interest on the amount of compensatory damages awarded by the jury. At a hearing held with respect to the interest rate issue before the trial court on 24 February 2012, Plaintiff requested the trial court to award interest at a rate of one and one-half percent per month pursuant to N.C. Gen. Stat. § 24-11 while Defendant requested the trial court to award interest at the legal rate.

On 17 October 2012, the trial court entered a judgment reciting the jury's verdict with respect to the breach of contract and compensatory

damages issues and addressing the interest rate issue which had been litigated following the return of the jury's verdict. After making findings of fact consistent with the factual statement set out earlier in this opinion, the trial court found as a fact that:

> 9.   This court finds that plaintiff is not entitled to [an interest rate of one and one-half percent per month from December 4, 2006 until the date of the judgment] due to the manner in which the invoices were sent. Plaintiff's billing was irregular in that one invoice was sent December 1, 2003; a second invoice [was sent] eight months later on September 27, 2004. The third invoice was not sent until October of 2006 and did not contain time and expenses incurred for two years from June 1, 2004 to June 30, 2006. This does not demonstrate any course of dealing with Defendant.

> 10. Plaintiff's complaint in paragraph 11, paragraph 17 and the prayer for relief request interest from February 19, 2007 at the legal rate of interest as provided by law.

> 11.  Defendant failed to pay the bill sent October 4, 2006 but this bill also expressly stated there was prior unbilled time and expenses which will be billed later. Defendant failed to pay the invoice mailed December 5, 2006. A reasonable time of payment would be thirty days and Defendant's breach of the oral contract occurred on January 4, 2007.

Based upon these findings of fact, the trial court concluded that Defendant should pay $16,600.00 in compensatory damages, "interest on the jury verdict . . . at the legal rate of interest from January 4, 2007 until paid," and $105.00 in court costs to Plaintiff. Plaintiff noted an appeal to this Court from the trial court's order.

## II.  Legal Analysis

In her brief, Plaintiff argues that the trial court erred by failing to award interest on the amount of compensatory damages awarded by the jury at a rate of one and one-half percent per month. In essence, Plaintiff argues that, given the language of the fourth invoice, she complied with the prerequisites for the assessment of interest pursuant to N.C. Gen. Stat. § 24-11(a) and that any failure on the part of this Court to enforce her right to assess interest at a rate authorized by N.C. Gen. Stat. § 24-11(a) would have the effect of encouraging debtors to refrain from paying amounts which they owe to their creditors. We do not find Plaintiff's arguments persuasive.

## A. Standard of Review

"The standard of review on appeal from a judgment entered after a non-jury trial is 'whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment.' " *Cartin v. Harrison*, 151 N.C. App. 697, 699, 567 S.E.2d 174, 176 (quoting *Sessler v. Marsh*, 144 N.C. App. 623, 628, 551 S.E.2d 160, 163, *disc. review denied*, 354 N.C. 365, 556 S.E.2d 577 (2001)), *disc. review denied*, 356 N.C. 434, 572 S.E.2d 428 (2002). In the event that a party "fails to argue that the trial court's findings of fact are not supported by sufficient evidence, any such argument is deemed abandoned, and the trial court's findings are binding on appeal." *O'Connor v. Zelinske*, 193 N.C. App. 683, 687, 668 S.E.2d 615, 617 (2008) (citing *Estroff v. Chatterje*e, 190 N.C. App. 61, 71, 660 S.E.2d 73, 79 (2008)). "The trial court's conclusions [of law], however, are completely reviewable." *Baker v. Showalter*, 151 N.C. App. 546, 549, 566 S.E.2d 172, 174 (2002). As a result, given that Plaintiff has not challenged the trial court's findings of fact as lacking in sufficient evidentiary support and that Plaintiff's argument is focused on the correctness of the trial court's conclusion of law to the effect that "interest on the jury verdict is at the legal rate of interest from January 4, 2007 until paid," the issue before us as a result of Plaintiff's challenge to the trial court's judgment is a pure question of law which is subject to *de novo* review. *Carolina Power & Light Co. v. City of Asheville*, 358 N.C. 512, 517, 597 S.E.2d 717, 721 (2004).

## B. Appropriateness of Trial Court's Interest Rate Decision

N.C. Gen. Stat. § 24-11(a) provides that:

> [o]n the extension of credit under an open-end credit or similar plan . . . under which no service charge shall be imposed upon the consumer or debtor if the account is paid in full within 25 days from the billing date . . . there may be charged and collected interest, finance charges or other fees at a rate in the aggregate not to exceed one and one-half percent (1 1/2%) per month computed on the unpaid portion of the balance of the previous month less payments or credit within the billing cycle or the average daily balance outstanding during the current billing period.

According to well-established North Carolina law, there are two requirements that must be satisfied in order to support an award of interest pursuant to N.C. Gen. Stat. § 24-11(a). First, the creditor must give notice to the debtor of her intent to assess interest against an unpaid

balance on an open account or some similar credit arrangement, with this notice requirement having been satisfied as long as the notice is given during the term of the debtor-creditor relationship and no interest is assessed retroactively against credit extended prior to the date upon which the notice was given. *Hyde Ins. Agency, Inc. v. Noland,* 30 N.C. App. 503, 506, 227 S.E.2d 169, 171 (1976) (stating that "the creditor could collect a finance charge on an open account under the provisions of [N.C. Gen. Stat. §] 24-11(a) provided the person to whom the credit is extended had been notified by the creditor when the credit was extended of all the details and circumstances pertaining to the imposition of finance charges"). Assuming that the notice requirement described above has been satisfied, N.C. Gen. Stat. § 24-11 also precludes the assessment of interest until after the 25th day following the date upon which the principal amount against which interest is to be assessed is billed. As a result, in order to lawfully assess interest against an unpaid balance pursuant to N.C. Gen. Stat. § 24-11(a), the creditor must notify the debtor of the interest payment requirement, refrain from assessing interest against principal amounts accrued prior to the date upon which notice of the interest payment requirement was provided, and give the debtor at least 25 days after the date upon which the principal amount in question had been billed to make an interest-free payment.

A careful review of the record establishes that the trial court correctly rejected Plaintiff's request for the assessment of interest against Defendant at a rate authorized by N.C. Gen. Stat. § 24-11(a). Although Plaintiff did not attempt to assess an interest obligation upon Defendant until thirty days after the transmission of the 4 December 2006 invoice, the record contains no indication that Plaintiff notified Defendant at any time prior to the transmission of that invoice that she intended to assess interest on the principal amount reflected in that invoice. As a result, while Plaintiff "would be entitled to impose finance charges under [N.C. Gen. Stat. §] 24-11(a) on all credit extended on purchases made after" 4 December 2006, *Hyde Ins.,* 30 N.C. App. at 506, 227 S.E.2d at 171, the effect of the 4 December 2006 invoice was to impermissibly seek to charge interest on amounts relating to services provided and expenses incurred prior to Plaintiff's initial notice, a result that our prior decisions construing N.C. Gen. Stat. § 24-11(a) simply do not permit. Therefore, the trial court correctly concluded that Plaintiff was barred from attempting to obtain interest at a rate of one and one-half per cent per month on the principal amount billed by means of the 4 December 2006 invoice.

Similarly, we conclude that Plaintiff is not entitled to collect interest at a rate of one and one-half per cent per month on the principal amount

reflected in the 19 February 2007 invoice either. Although Plaintiff had the right to assess interest against the additional principal amount reflected in this invoice in the event that the notice requirements of N.C. Gen. Stat. § 24-11 had been complied with, and although Plaintiff had given notice that she intended to charge interest at a rate higher than the legal rate in the 4 December 2006 invoice, a notice such as that provided in the 4 December 2006 invoice will not be deemed valid in perpetuity. Instead, we conclude that a creditor's right to collect interest at a level higher than the legal rate pursuant to N.C. Gen. Stat. § 24-11(a) should be asserted in a regular and consistent manner and may be waived by the creditor's subsequent failure to assert her rights in such a manner.

According to well-established North Carolina law, "[a] waiver is implied when a person dispenses with a right 'by conduct which naturally and justly leads the other party to believe that he has so dispensed with the right.' " *Medearis v. Trustees of Meyers Park Baptist Church*, 148 N.C. App. 1, 12, 558 S.E.2d 199, 206-07 (2001) (quoting *Guerry v. American Trust Co.*, 234 N.C. 644, 648, 68 S.E.2d 272, 275 (1951)), *disc. review denied*, 355 N.C. 493, 563 S.E.2d 190 (2002). As we have already noted, the 19 February 2007 invoice, unlike the 4 December 2006 invoice, made no reference to the assessment of interest on any balance that remained unpaid after thirty days (or any other period of time). Instead, the 4 December 2006 invoice was the only one of the five invoices that Plaintiff sent to Defendant that made any reference to the subject of interest.

In our previous cases upholding a creditor's right to assess interest against a debtor pursuant to N.C. Gen. Stat. § 24-11(a), we have emphasized the regularity with which the creditor asserted its right to impose interest charges pursuant to that statutory subsection and the detailed nature of the statements that the creditor made to the debtor relating to the interest issue. *See Hyde Ins.*, 30 N.C. App. at 506, 227 S.E.2d at 171 (upholding the assessment of interest charges pursuant to N.C. Gen. Stat. § 24-11(a) because "the statements received by defendant after [the date of initial notice] contained detailed information regarding the imposition of finance charges"); *Harrell Oil Co. v. Case*, 142 N.C. App. 485, 490, 543 S.E.2d 522, 526 (2001) (noting that "defendants had been receiving statements on a regular basis" and that "each [statement] contain[ed] a specific and detailed provision regarding the imposition of finance charges"). The single invoice in which Plaintiff attempted to assert a right to assess interest against Defendant stands in stark contrast to the level of regularity and detail that this Court has deemed important in determining that a creditor was entitled to assess interest charges against a debtor pursuant to N.C. Gen. Stat. § 24-11(a).

FARLOW v. BROOKBANK

[230 N.C. App. 179 (2013)]

In addition, nothing in the record suggests that Defendant was ever made aware that Plaintiff sought to assess interest against Defendant relating to the principal amount evidenced in the 19 February 2007 invoice. On the contrary, the 19 February 2007 invoice did not mention that any interest would be owed on the unpaid balance remaining from the 4 December 2006 invoice or suggest that interest was being assessed against any new charges reflected on the 19 February 2007 invoice. Thus, the 4 December 2006 invoice, rather than being part of a systematic effort to assess interest against the amount that Defendant owed to Plaintiff pursuant to N.C. Gen. Stat. § 24-11(a), amounted to an anomalous departure from an otherwise uniform series of invoices in which no reference to the subject of interest appeared. As a result, given that Plaintiff never explicitly asserted the right to assess interest against the amount embodied in the 19 February 2007 invoice and that Plaintiff had failed to consistently assert the right to collect such interest during her interactions with Defendant, we hold that the trial court correctly concluded that the record did "not demonstrate any course of dealing with Defendant" and that Plaintiff had, for that reason, waived the right to assess interest charges on the principal amount reflected in the 19 February 2007 invoice.[1] For all of these reasons, the trial court correctly refrained from awarding Plaintiff interest at the rate of one and one-half percent on the amounts which she was entitled to receive from Defendant.

### III.  Conclusion

Thus, for the reasons set forth above, we hold that none of Plaintiff's challenges to the interest-related provisions of the trial court's judgment have merit. As a result, the trial court's judgment should be, and hereby is, affirmed.[2]

AFFIRMED.

Judges ROBERT N. HUNTER, JR., and DAVIS concur.

---

1. As a result of our determination that Plaintiff was barred from assessing interest against Defendant due to her failure to comply with the provisions of N.C. Gen. Stat. § 24-11, we need not address the parties' contentions with respect to Formal Ethics Opinion No. 3 and Plaintiff's failure to request an award of interest pursuant to N.C. Gen. Stat. § 24-11(a) in her complaint.

2. Although Plaintiff advances a number of assertions in her brief concerning the unfairness of allowing a debtor to force a creditor to reduce an essentially uncontested claim to judgment and the efficacy of requiring the payment of interest at a rate higher than the established legal rate as a means of deterring such conduct, such policy-based considerations have no real bearing on the application of the provisions of N.C. Gen. Stat. § 24-11(a) as construed by the prior decisions of this Court to the facts contained in the present record.