JANET ROUSH (SUMMERFIELD) VOSS v. GARY ALLEN SUMMERFIELD

No. 8526DC344

(Filed 19 November 1985)

**Divorce and Alimony § 24.2— separation agreement—no waiver of right to seek child support**

> The trial court erred in concluding that defendant waived the right to receive child support from plaintiff in a separation agreement since the parties cannot by contract deprive the courts of authority to provide for the welfare of children of the marriage.

APPEAL by defendant from *Brown, Judge.* Judgment entered 3 December 1984 in MECKLENBURG County District Court. Heard in the Court of Appeals 22 October 1985.

On 26 August 1981 plaintiff and defendant entered into a separation agreement which provided for custody of their minor children, child support, alimony and property settlement. Pursuant to a complaint filed 25 May 1982 by the plaintiff, the trial court entered an order, dated 11 November 1982 *nunc pro tunc* as of 23 July 1982, granting plaintiff custody and ordering defendant to pay $350 per month child support and to assist with medical expenses for the two children. Psychological evaluation of the parties was also ordered and a reevaluation of the custody decree was set to be heard by March 1983.

On 11 January 1983 the court ordered further psychological examination. Following these evaluations the parties agreed to settle all matters in controversy by signing an amendment to the separation agreement. The amendment provided *inter alia* that custody of the children go to the defendant, that the plaintiff waived right to further alimony in exchange for a lump sum payment from defendant and that both parties agreed not to make any claims, "now or in the future, on the other party for alimony or maintenance or support and by the execution of this agreement is barred from making any such claim in the future against the other party." On the basis of the amended separation agreement, the trial court found that suitable arrangements had been made for the support and care of the children and entered a consent order on 21 April 1983.

On 3 August 1984 defendant filed a motion to modify the consent order to provide for child support, citing various increased

costs for supporting the children and the new burden of a lawsuit that defendant had lost. The motion was heard on 22 October 1984. The trial court admitted the amended separation agreement into evidence and concluded as a matter of law that defendant had, by the amended agreement, waived all rights to claim child support from the plaintiff. Defendant appealed.

*Thomas R. Cannon, P.A., by Thomas R. Cannon and Nicki Levine, for plaintiff.*

*Welling & Jordan, by G. Miller Jordan, for defendant.*

WELLS, Judge.

In his first assignment of error, defendant contends that the trial judge erred in concluding that defendant waived the right to receive child support from the plaintiff. We agree.

> [N]o agreement or contract between husband and wife will serve to deprive the courts of their inherent as well as their statutory authority to protect the interests and provide for the welfare of infants. They may bind themselves by a separation agreement or by a consent judgment, but they cannot thus withdraw children of the marriage from the protective custody of the court.

*Fuchs v. Fuchs*, 260 N.C. 635, 133 S.E. 2d 487 (1963). The conclusion of law that defendant had waived his right to child support is therefore in error. It is stipulated by the parties, and the trial court's judgment shows, that the court ruled on defendant's motion to modify the consent order on the basis of the separation agreement's effect on defendant's rights. The motion was, as a result, denied without consideration of defendant's evidence on the changed circumstances of the parties. This was error and the judgment must be reversed and the cause remanded for a hearing on the evidence and findings and conclusions arising on that evidence. *See Ebron v. Ebron*, 40 N.C. App. 270, 252 S.E. 2d 235 (1979).

It is important to note that on remand the defendant, as movant, will have the burden of showing a "substantial change of circumstances affecting the welfare of the child" before the order may be modified. *Id.* Recognizably, defendant's task is rendered more difficult by the existence of the separation agreement. A

valid separation agreement cannot be ignored or set aside by the court without the consent of the parties. *Winborne v. Winborne,* 41 N.C. App. 756, 255 S.E. 2d 640, *disc. rev. denied,* 298 N.C. 305, 259 S.E. 2d 918 (1979). Deference due this agreement gives rise to the presumption, in the absence of evidence to the contrary, that the amount agreed upon is just and reasonable. *See id.*

Reversed and remanded.

Judges ARNOLD and MARTIN concur.