ROBERT A. GRIFFIN v. ALMEDA S. GRIFFIN (NOW ROUSE)

No. 893DC58

(Filed 21 November 1989)

**Divorce and Alimony § 24.4 (NCI3d)— child support arrearage — equitable estoppel**

The trial court improperly applied equitable estoppel as a bar to child support arrearages where plaintiff husband was ordered in 1974 to pay $200 a month child support to the Clerk of Court's office, as well as major medical and dental bills of the children; plaintiff never paid any medical or dental bills of his children; payments were made directly to defendant and not to the Clerk's office; and plaintiff twice unilaterally reduced the payments. Child support is governed primarily by statute and defendant was entitled to proceed as she did, the touchstone being the welfare of the child, not freedom of contract. One parent may not evade the obligations of child support by citing the failure of the other parent to insist immediately upon such support. Moreover, even assuming equitable estoppel, plaintiff cannot show detrimental reliance. N.C.G.S. § 50-13.10, N.C.G.S. § 50-13.4(f)(8).

**Am Jur 2d, Divorce and Separation § 1074.**

APPEAL by defendant from judgment of *Judge James E. Ragan, III,* entered 6 October 1988 in CARTERET County Superior Court. Heard in the Court of Appeals 31 August 1989.

*Bennett, McConkey, Thompson, Marquardt & Wallace, P.A., by James Q. Wallace, III, for plaintiff appellee.*

*Wheatly, Wheatly, Nobles, Weeks & Wainwright, P.A., by George L. Wainwright, Jr., for defendant appellant.*

COZORT, Judge.

This action has its origins in a divorce decree entered 27 March 1974 in which the plaintiff-husband was ordered to pay $200 per month in child support. The defendant-wife initiated the present action on 13 August 1987 with a motion in the cause to reduce child support arrearages to judgment. The plaintiff's response raised, among other defenses, equitable estoppel. The trial court, apply-

ing equitable estoppel, entered judgment for the plaintiff on 6 October 1988. On appeal the defendant contends that the trial court erred in concluding that she is equitably estopped from reducing her ex-husband's child support arrearages to judgment when his child support obligations mandated by the divorce decree have vested. We agree and reverse.

The judgment granting plaintiff and defendant an absolute divorce ordered the plaintiff to pay $200 per month to the office of the Carteret County Clerk of Court as support for the infant children Angela Renee Griffin and Robert A. Griffin, Jr. These installments were to continue until the younger child, Robert, reached majority. The decree also ordered the plaintiff to pay "for major medical and dental bills" of the children during their minority. The plaintiff never paid any medical or dental bills of his children; nor did he ever make support payments to the clerk's office as ordered. Such payments as he did make were sent directly to his ex-wife.

After the divorce decree was entered in March of 1974, the plaintiff paid $200 per month to the defendant for five months. Plaintiff then lost his job, remained unemployed for approximately five weeks, and found a new job which paid less than his previous employment. At about this time, the plaintiff wrote defendant a letter (the date of which is uncertain) announcing his decision

> to send the kids one hundred dollars a month because I do not think that it take [sic] two hundred dollars for my kids to live on and I do not intend to pay your way living the way you are. If you won't [sic] to take it to court you can I do not care anymore but if you do you can be prepared for more than a fight over money.

Plaintiff paid $80 per month until August 1981. Thereafter, he paid $40 per month until December 1986. Plaintiff's younger child, Robert A. Griffin, Jr., became eighteen years old that month, and plaintiff ceased making any support payments. In 1987 the trial court found that plaintiff "is employed at Cherry Point, North Carolina . . . has an excellent credit rating and, over the years, has borrowed money from lending institutions."

Eight months after the support payments ended, defendant brought a motion in the cause seeking judgment for $17,680 in arrears. At trial the plaintiff testified that in 1974, while he was

unemployed, his ex-wife agreed to accept the "very best I could [pay in child support], however, much it [might] be." The defendant testified as follows: "Q. At any point in time, did you ever verbally or in writing agree that you would take a lesser amount of child support than what was dictated in that court order? A. No, sir. There's no. way I could have done that."

The trial court made the following findings of fact pertinent to its conclusion that equitable estoppel precludes judgment against the plaintiff for the arrears of child support payments ordered by the divorce decree:

10. Upon losing his job [in 1974], Plaintiff immediately contacted the Defendant and informed her of his situation and that he could not make the regular scheduled child support payments. Plaintiff told Defendant that he would attempt to pay as much as he could toward the child support and the Defendant agreed to accept what he could pay.

* * * *

24. That the Defendant's conduct in accepting reduced child support payments for over ten (10) years, having no contact whatsoever with the Plaintiff, and making no inquiry nor taking any action conveyed the impression to the plaintiff that the Defendant acquiesed [sic] in Plaintiff's reduced payments and that Defendant had abandoned her rights to the regular child support payments.

25. The Defendant's conduct as mentioned above induced the Plaintiff to believe such conduct was intended to be relied upon or acted upon by the Plaintiff.

Turning to the sole question presented on appeal, whether the trial court properly invoked equitable estoppel, we note first that child support is governed primarily by statute. N.C. Gen. Stat. § 50-13.10 provides in pertinent part that

(a) Each past due child support payment *is vested when it accrues and may not thereafter be vacated, reduced, or otherwise modified in any way for any reason*, in this State or any other state, except that a child support obligation may be modified as otherwise provided by law, and a vested past due payment is to that extent subject to divestment if, but

GRIFFIN v. GRIFFIN

[96 N.C. App. 324 (1989)]

only if, a written motion is filed, and due notice is given to all parties either:

(1) Before the payment is due or

(2) If the moving party is precluded by physical disability, mental incapacity, indigency, misrepresentation of another party, or other compelling reason from filing a motion before the payment is due, then promptly after the moving party is no longer so precluded.

(b) A past due child support payment which is vested pursuant to G.S. 50-13.10(a) is entitled, as a judgment, to full faith and credit in this State and any other state, with the full force, effect, and attributes of a judgment of this State, except that no arrearage shall be entered on the judgment docket of the clerk of superior court or become a lien on real estate, nor shall execution issue thereon, except as provided in G.S. 50-13.4(f)(8) and (10).

(Emphasis added.) N.C. Gen. Stat. § 50-13.4(f)(8) provides in turn that "past due periodic payments may by motion in the cause or by a separate action be reduced to judgment which shall be a lien as other judgments." Thus, defendant was entitled to proceed as she did.

In the case below, the father was legally obligated to support his children according to the terms of the divorce decree of March 1974. Instead, he twice reduced the amount of those payments without approval from the court. As this Court has held, the "proper procedure for the father to follow was to apply to the trial court for relief. This he failed to do. He had no authority to unilaterally attempt his own modification." *Gates v. Gates*, 69 N.C. App. 421, 428, 317 S.E.2d 402, 407 (1984) (citations omitted), *aff'd*, 312 N.C. 620, 323 S.E.2d 920 (1985). Quoting *Halcomb v. Halcomb*, 352 So. 2d 1013, 1016 (La. 1977), this Court explained:

Support for this rule is found in a proper regard for the integrity of judgments. Such a regard does not condone a practice which would allow those cast in judgment to invoke self-help and unilaterally relieve themselves of the obligation to comply. Any other rule of law would greatly impair the sanctity of judgments and the orderly processes of law. To condone such a practice would deprive the party, in whose favor the judg-

GRIFFIN v. GRIFFIN

[96 N.C. App. 324 (1989)]

ment has been rendered, of an opportunity to present countervailing evidence, and at the same time deny the judge an opportunity to review the award in light of the alleged mitigating cause which had developed since its rendition.

. . . This policy applies equally in North Carolina.

*Gates*, 69 N.C. App. at 428-29, 317 S.E.2d at 407 (citation omitted).

Plaintiff's argument, based on his ex-wife's alleged silence and inaction in enforcing what he characterizes as her rights, is misguided. The touchstone in cases involving child custody and support is the welfare of the children, not freedom of contract. As our Supreme Court has observed,

no agreement or contract between husband and wife will serve to deprive the courts of their inherent as well as their statutory authority to protect the interests and provide for the welfare of infants. They may bind themselves by a separation agreement or by a consent judgment, but they cannot thus withdraw children of the marriage from the protective custody of the court.

*Fuchs v. Fuchs*, 260 N.C. 635, 639, 133 S.E.2d 487, 491 (1963); *accord, Voss v. Summerfield*, 77 N.C. App. 839, 840, 336 S.E.2d 144, 145 (1985). Just as our case law does not countenance agreements between parents that operate to the detriment of their children's rights, so it does not allow one parent to evade the obligations of child support by citing the failure of the other parent to insist immediately on such support.

Even assuming that on some set of facts equitable estoppel might properly bar a claim for child support arrears, it is clearly inapplicable on the facts below. A party seeking to rely on equitable estoppel must show that, in good faith reliance on the conduct of another, he has changed his position for the worse. 31 C.J.S. *Estoppel* § 59 (1964). In this case the plaintiff can show no such detrimental reliance. The only change made in his position was the retention to his benefit of money owed for the support of his children. On similar facts this Court recently rejected the plea of equitable estoppel as a bar to child support arrearages. *Adkins v. Adkins*, 82 N.C. App. 289, 291, 346 S.E.2d 220, 221-22 (1986).

In addition to the doctrine of equitable estoppel, plaintiff raised the applicable statute of limitations as a defense to payments due for more than ten years. Such sums are barred by N.C. Gen. Stat. § 1-47. *Larsen v. Sedberry*, 54 N.C. App. 166, 169, 282

S.E.2d 551, 553 (1981), *disc. rev. denied,* 304 N.C. 728, 288 S.E.2d 381 (1982).

Upon remand the court may enter judgment for the appropriate balance of child support arrearages.

Reversed and remanded.

Judges ARNOLD and BECTON concur.