ROBERT SCOTT BAKER, JR., Plaintiff, WAKE COUNTY HUMAN SERVICES, CHILD SUPPORT ENFORCEMENT, Intervenor/Plaintiff v. SHERI USSERY SHOWALTER, Defendant

No. COA01-920

(Filed 16 July 2002)

**1. Estoppel— equitable—child support modification—detrimental reliance not shown**

The trial court did not err in a child support case in which the parties agreed between themselves to reduce the support by concluding that equitable estoppel did not apply. Although defendant may have relied on the oral agreement and letter to reduce her payment, she did not demonstrate that such reliance was to her detriment.

BAKER v. SHOWALTER

[151 N.C. App. 546 (2002)]

**2. Child Support, Custody, and Visitation— support—modification by parties—later action for arrears**

The trial court correctly ordered payment of child support arrears where the parties had agreed between themselves to a reduction, but there was no judicial modification of the earlier order.

Appeal by defendant from order entered 21 February 2000 by Judge Kristin H. Ruth in Wake County District Court. Heard in the Court of Appeals 24 April 2002.

*Constance M. Ludwig, for defendant-appellant.*

*Elisabeth P. Clary, for plaintiff-appellee.*

BIGGS, Judge.

Defendant appeals from an order requiring her to pay child support arrears in the amount of $11,350.00. For the reasons herein, we affirm the trial court.

Robert Scott Baker, Jr. (plaintiff) and Sheri Ussery Showalter (defendant) were married on 22 July 1978 and separated on 15 December 1990. On 5 April 1991, the parties executed a separation agreement which provided, in part, that plaintiff would have custody of their child, Robert Scott Baker, III, (the child), and that defendant would pay $500.00 per month in child support until the child reached the age of 18. This separation agreement was incorporated into the Judgment of Divorce entered on 19 March 1992.

In April 1992, the parties verbally agreed to reduce the amount of child support the defendant would pay from $500.00 to $300.00 per month. On 10 September 1993, plaintiff signed a letter acknowledging this verbal agreement. The letter stated that plaintiff planned to "continue to accept" $300 but that he did not "abdicate any rights as specified by the Separation Agreement."

In 1995, defendant increased her child support payments from $300 to $350 per month, and in 1997 she again increased her payments to $450 per month. In January, 1999, the child turned 18 and defendant's child custody obligations ended.

In December 1998, plaintiff wrote a letter to defendant demanding all of the unpaid amounts based on the separation agreement. On 13 October 1999, plaintiff applied to Child Support Enforcement in

Durham to establish child support arrears and a repayment schedule. The case was moved to Wake County on 21 January 2000. On 14 April 2000, Wake County filed a motion on plaintiff's behalf seeking to establish arrears and a repayment schedule.

On 30 June 2000, the trial court conducted a hearing on the motion. The defendant raised the defense of equitable estoppel arguing that she had detrimentally relied upon the verbal agreement and the letter memorializing that agreement to reduce her child support payments from $500 to $300. The trial court entered an order on 21 February 2001, concluding that equitable estoppel did not apply and ordering defendant to pay the $11,350.00 in arrears. From that order, defendant appeals.

I.

[1] Defendant first contends that the trial court erred by concluding "that equitable estoppel did not apply because there was no detrimental reliance by defendant." We agree with the trial court.

"North Carolina courts have recognized the doctrine of equitable estoppel to preclude a party from denying the validity of a divorce decree or separation agreement." *Amick v. Amick*, 80 N.C. App. 291, 294, 341 S.E.2d 613, 614 (1986). "Equitable estoppel arises when an individual by his acts, representations, admissions, or by his silence when he has a duty to speak, intentionally or through culpable negligence induces another to believe that certain facts exist, and such other person rightfully relies and acts upon that belief to his detriment." *Thompson v. Soles*, 299 N.C. 484, 487, 263 S.E.2d 599, 602 (1980). "A party seeking to rely on equitable estoppel must show that, in good faith reliance on the conduct of another, he has changed his position for the worse." *Griffin v. Griffin*, 96 N.C. App. 324, 328, 385 S.E.2d 526, 529 (1989). "Application of equitable estoppel in general is dependent upon the parties' actions along with the facts and circumstances of each individual case." *Chance v. Henderson*, 134 N.C. App. 657, 665, 518 S.E.2d 780, 785 (1999).

In the case, *sub judice*, the trial court made the following pertinent findings:

1. That a Separation Agreement requiring the payment of $500.00 per month by the Defendant to Robert Scott Baker, Jr. for the support of the parties' child, was incorporated into a March 19, 1992, judgment of divorce between the parties

which judgment is recorded in Durham County Clerk of Superior Court File Number 92CVD574.

. . . .

6. That at the request of the Defendant, the Plaintiff signed a document dated September 10, 1993, which stated the parties had agreed since April 1993, to the Defendant's paying child support in the amount of $300.00 per month. The Plaintiff specifically stated in the document that he was not abdicating any of his rights under the parties' separation agreement.

7. That the September 10, 1993, document was provided to Defendant's mortgage lender because she was in the process of buying a townhome.

8. That in reliance upon the September 10, 1993 document, the Defendant decreased her monthly payments to $300.00; however, her reliance was not detrimental because she had use of funds that she would not have otherwise had.

The trial court's findings of facts are conclusive on appeal when drawn on facts supported by competent evidence. *Henderson*, 134 N.C. App. at 661, 518 S.E.2d at 783. The trial court's conclusions, however, are completely reviewable. *Id.* We conclude that the findings of the trial court are supported by competent evidence in the record. Moreover, we conclude that these findings support the trial court's conclusion that equitable estoppel does not apply because there was no detrimental reliance by the defendant. Further, we hold that this conclusion is legally correct.

This Court in *Griffin*, 96 N.C. App. at 328, 385 S.E.2d at 529, considered a situation similar to the one before us. In *Griffin*, a divorce judgment required the plaintiff-father to pay $200.00 in child support per month. Subsequently, the plaintiff sent a letter to the defendant stating that he could not send $200.00 per month, and began sending reduced sums. The defendant never complained about this reduction. Eight months after the support payments ended, the defendant brought an action for approximately $18,000 in arrears. This Court held that the defendant was not equitably estopped from bringing the action because there was no detrimental reliance; the "only change made in [plaintiff's] position was the retention to his benefit of money owed for the support of his children." *Id.* at 328.

BAKER v. SHOWALTER

[151 N.C. App. 546 (2002)]

Likewise, in the instant case, though defendant may have relied upon the oral agreement and letter to reduce her payment to $300, she is unable to demonstrate that such reliance was to her detriment. The only change made in her position inured to her benefit. She testified that the money she retained allowed her to "buy a townhome and to have some money to spend with [her] son."

Further, defendant's reliance upon several cases to support her claim of detrimental reliance is misplaced. First, *Tepper v. Hoch*, 140 N.C. App. 354, 536 S.E.2d 654 (2000), involved the equitable doctrine of laches, as recognized under a specific Illinois statute. The Court in that case analyzed the statute using Illinois case law and was careful to limit its holding accordingly. We conclude that *Tepper* has no application here. Second, defendant cites *Godley v. County of Pitt*, 306 N.C. 357, 293 S.E.2d 167 (1982), and other workers' compensation cases for the proposition that an insurance company that accepts the benefit of premium payments is estopped from declining to honor the policy and pay the claim. Yet in the present case, the only party receiving a benefit is the defendant. Not only are these cases not supportive of defendant's position, they appear contrary to it. In addition, defendant relies on a number of cases from other jurisdictions which we determine have no application here.

Though it appears that defendant attempts to assert the defense of laches in her brief, this defense was not raised during trial or in the Assignments of Error and, therefore, is not properly before this Court. North Carolina Rule of Appellate Procedure 10(b).

We conclude that defendant has failed to establish that she relied to her detriment on the written and oral agreement of the parties for reduced child support; therefore, the trial court did not err by declining to apply the doctrine of equitable estoppel. This assignment of error is overruled.

II.

[2] Defendant argues next that the trial court erred in determining that defendant is now in arrears in the amount of $11,350.00. Defendant argues that both parties intended the oral and written agreement to permanently modify the court ordered judgment of divorce and, therefore, she should not be required to pay the arrearages. We disagree.

"An order setting child support only may be modified 'upon motion in the cause and a showing of changed circumstances by

either party.' " N.C.G.S. § 50-13.7(a) (2001); *Bogan v. Bogan*, 134 N.C. App. 176, 179, 516 S.E.2d 641, 643 (1999). Individuals may not modify a court order for child support through extrajudicial written or oral agreements. *Griffin*, 96 N.C. App. at 328, 385 S.E.2d at 529, *quoting Fuchs v. Fuchs*, 260 N.C. 635, 639, 133 S.E.2d 487, 491 (1963), ("no agreement or contract between husband and wife will serve to deprive the courts of their inherent as well as their statutory authority to protect the interests and provide for the welfare of infants.") Further, N.C.G.S. § 50-13.10(a) (2001) provides in part:

> Each past due child support payment is vested when it accrues and may not thereafter be vacated, reduced, or otherwise modified in any way for any reason, in this State or any other state, except that a child support obligation may be modified as otherwise provided by law, and a vested past due payment is to that extent subject to divestment, if, but only if, a written motion is filed, and due notice is given to all parties. . . .

"When the obligor under a child support judgment or order is in arrears, the trial court may, 'upon motion in the cause, judicially determine the amount then properly due and enter its final judgment for the total then properly due[.]' " *Fitch v. Fitch*, 115 N.C. App. 722, 724, 446 S.E.2d 138, 140 (1994) (citation omitted).

In the case *sub judice*, the trial court specifically found "[t]hat at no time did the parties execute a formal modification of the separation agreement nor was the order modified by any Court." Further, the court found defendant was in arrears under the separation agreement that was incorporated into the divorce judgment in the amount of $11,350.00 as of 30 June 2000. We conclude that these findings are supported by competent evidence in the record and are therefore binding on appeal. There being no judicial modification of the court order, the separation agreement remained in full force and effect. Thus, the trial court properly ordered payment of the arrears in the amount of $11,350.00 based upon the separation agreement sum of $500.00 per month. This assignment of error is overruled.

For the reasons discussed above, the trial court's order is

Affirmed.

Judges WYNN and McCULLOUGH concur.